UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In Re

                                 Case No. 16-42610
                                 Chapter 11

        BRIGID GIAMBRONE

                                 Assigned to:
                    Debtor.          Hon. Carla E. Craig
                                 Bankruptcy Judge

---------------------------------------------------------X

**AFFIRMATION IN REPLY TO DEBTOR'S OPPOSITION FOR AN ORDER TO RECONSIDER AND AMEND MCCORMICK'S PRIOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY, NUNC PRO TUNC**

       BSI Financial Services as servicing agent for McCormick 105, LLC, ("Secured Creditor" or "Movant" or "McCormick") by its attorneys, the Law Offices of Jeffrey S. Greene, P.C., submits this reply to the Debtor's opposition to McCormick's motion for this Court's Order pursuant to 11 U.S.C. §105 to reconsider and amend the Court's prior Order dated and entered August 4, 2017 permitting McCormick 105, LLC to commence and/or continue an action to enforce its' mortgage lien which it holds on real property of the Debtor, 18 Belfield Avenue, Staten Island, New York 10312, *nunc pro tunc.*

       1.     The Affirmation in Opposition by the Debtor's attorney, Fredrick P. Stern, dated August 13, 2018 (ECF Doc#264) is nothing short of frivolous under Fed. R. Bankr. P. 9011. The Debtor's Opposition constitutes a baseless filing designed to have BSI/McCormick and its' attorney expend unnecessary resources. This filing is presented for an improper purpose and will cause an unnecessary delay in the prosecution of McCormick's State Court rights. Such

State Court rights which this Court specifically Ordered that BSI on behalf of McCormick was authorized to continue.

2.     "The purpose of Rule 9011 is to deter baseless filings in bankruptcy and thus avoid the expenditure of unnecessary resources by imposing sanctions on those found to have violated it." In re MAS Realty Corp., 326 B.R. 31, 37 (Bankr. D. Mass. 2005). Under Rule 9011(b), an attorney who signs "a pleading, written motion, or other paper" certifies that "the allegations and other factual contentions have evidentiary support...The Bankruptcy Court may issue sanctions against parties, firms, or individual attorneys sua sponte provided that it enters an order to show cause. Fed. R. Bankr. P. 9011(c)(1)(B)." See, Ameriquest Mortg. Co. v. United States Bankr. Court for the Dist. of Mass. (In re Nosek), 406 B.R. 434, 438 (D. Mass. 2009).

3.     Judge Craig's Order granting BSI/McCormick's relief from the automatic stay dated and entered August 4, 2017 (ECF Doc#192) specifically Ordered, in relevant part, that: (a) McCormick may exercise its rights under applicable state law with respect to the Property and (b) McCormick shall notify the Debtor of any surplus proceeds realized through a sale of the Property.

4.     The Richmond County Supreme Court issued a Judgment of Foreclosure and Sale dated July 30, 2018 and entered August 7, 2018 duly Ordering that the mortgaged premises "be sold" by the State Court appointed Referee upon public notice in accordance with RPAPL §231. BSI/McCormick has accordingly caused the publication of the Notice of Sale and the auction/sale date is currently scheduled for October 4, 2018 at 2:00pm. Annexed hereto as Exbibit "A" is a true copy of the Notice of Entry of said Judgment of Foreclosure and Sale and a Notice of Sale that was served upon the State Court attorney for the Debtor as well as the Debtor herself.

5.      The Debtor's Opposition to the instant motion seeks to purposefully and intentionally frustrate BSI/McCormick's state rights as well as the spirit and literal language of this Court's Order from relief from the automatic stay. Without the, *nunc pro tunc*, relief requested in the instant motion there can be no proper devolution of title of the mortgaged premises upon foreclosure sale and any possibility of any surplus monies cannot be realized due to a potential title defect caused by the gap period described in the pending motion.

6.      The contrived and baseless legal reasoning for the Debtor's Opposition may only be surpassed by the sloppy "cut and paste" job in Mr. Stern's affirmation.

7.      Notwithstanding the Debtor's assertion to the contrary, the instant motion is not untimely as this motion is not brought under Bankruptcy Rule 9023 or FRCP §59. The instant motion involves an Order, not a Judgment and it clearly seeks to remedy a mistake and/or inadvertence pursuant to Bankruptcy Rule 9024 or FRCP §60 (as well as 11 U.S.C. §105). The timing for a motion under FRCP §60 is one year. Since the subject Order of Relief was entered August 7, 2017 and the instant motion was filed July 6, 2018, the pending motion is NOT untimely. Moreover, FRCP §60(b)(6) and (c) authorizes a motion within any "reasonable time" for relief for "any other reason that justifies relief". This pending motion has brought within a reasonable time since the State Court Judgment of Foreclosure and Sale was only recently issued on July 30, 2018 and entered August 7, 2018. Moreover, the justification for the pending motion is beyond peradventure or doubt.

8.      Mr. Stern's citation to the relevant case law of In re WorldCom, Inc., 325 B.R. 511, 519 (Bankr. S.D.N.Y. 2005) and In re Ebadi, 448 B.R. 308, 317 (Bankr. E.D.N.Y. 2011) ironically supports McCormick's position and offers no support whatsoever for the Debtor's meritless and frivolous arguments.

9.    Apparently, Mr. Stern just "cut and paste" from another set of papers lingering on his word processor. Mr. Stern's affirmation argues against a phantom entity named "LP" and relies on facts not present in the instant case. He wrongly claims the Debtor in this case failed to initially comply with filing requirements and had an incomplete creditor list.

10.    Moreover, Mr. Stern, in a jumbled manner without any evidentiary support, seems to fault McCormick for purportedly failing to timely notify the State Supreme Court of the Debtor's bankruptcy filing. This claim is meritless. Firstly, the Debtor could have informed the State Court on her own and secondly, there was really no need to advise the State Supreme Court as the record clearly reveals that McCormick duly submitted proposed long form Orders for Judge Troia's signature on March 8, 2016 (the very same day Judge Troia's short form Orders were entered in the Richmond County Clerk's Office). And, the signing of said long form Orders are essentially a "ministerial act" that does not technically violate the automatic stay. Annexed hereto as Exhibit "B" is a true copy of the State Court filing receipt of said proposed long form Orders.

11.    It is clear that the Debtor's Opposition papers are inexcusable and completely baseless warranting the imposition of sanctions under Rule 9011.

**WHEREFORE**, McCormick 105, LLC respectfully requests an Order pursuant to 11 U.S.C. §105 to reconsider and amend the Court's prior Order dated and entered August 4, 2017 granting it relief from the Automatic Stay, *nunc pro tunc*, to insure the State Court Long Form Orders awarding Summary Judgment and appointing a Temporary Receiver (August 4, 2016) do not and did not violate the automatic stay. McCormick further respectfully request this Court issue an Order to Show Cause for separate hearing on the issue of sanctions and the

amount of costs and expenses to be awarded to BSI/McCormick under Fed. R. Bankr. P. 9011,

and any further relief as to this Court seems just and proper.

Dated:  September 10, 2018
         White Plains, New York

                                      Law Offices of Jeffrey S. Greene, P.C
                                      *Attorneys for BSI Financial Services as*
                                      *Servicing agent for McCormick 105, LLC*

                                      By: /s/ Jeffrey S. Greene
                                      Jeffrey S. Greene (JSG-9941)
                                      One Barker Avenue, Second Floor
                                      White Plains, New York 10601
                                      Tel: (914) 686-5091